September 14, 2020

**VIA ECF**
The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Zornoza v. TerraForm Global, Inc., et al.*,
             Case No. 18-cv-11617 (PKC) [rel. 16-md-2742 (PKC)]

Your Honor:

The parties submit this joint letter setting forth their respective positions pursuant to the Court's September 3, 2020 Order in advance of the Initial Pretrial Conference scheduled for September 21, 2020 at 12:00 p.m.

The Complaint in this action was filed on August 16, 2018, in the United States District Court for the District of Maryland. (Dkt. No. 1) Following transfer of this action to MDL No. 2742 (Dkt. No. 15), Defendants filed motions to dismiss on March 15, 2019, (Dkt. Nos. 50 & 52). With the exception of the MDL discovery that the parties agreed to share pursuant to the stipulation and order entered by this Court on February 26, 2019 (Dkt. No. 47),[1] discovery was stayed pending resolution of the motions to dismiss. (Dkt. No. 46) On December 9, 2019, the Court issued an Opinion and Order denying in part and granting in part the motions to dismiss. (Dkt. No. 63)

## I.    Description of the Case

### A. Plaintiff's Position

This case arises from the retaliatory termination of Plaintiff Carlos Domenech Zornoza ("Plaintiff" or "Mr. Domenech") by Defendants TerraForm Global Inc. ("Global"), TerraForm Power, Inc. ("TERP"), Ahmad Chatila ("Chatila"), and Brian Wuebbels ("Wuebbels") in November 2015 from his positions with Global, TERP (collectively the "YieldCos") and SunEdison, Inc. ("SunEdison" and, together with the YieldCos, the "Companies"). Mr. Domenech is the former President, Chief Executive Officer ("CEO") and a director of Defendants Global and TERP, and the former Executive Vice President of SunEdison, which owned a controlling stake in each of the YieldCos. (Compl. ¶ 5.) Mr. Domenech's Complaint asserts a claim under the whistleblower protection provisions of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A,

---

[1] The parties stipulated that Defendants would produce to Mr. Domenech all fact discovery completed in the class action *Horowitz v. SunEdison, Inc.*, 16-cv-07917-PKC, including all documents produced, written discovery requests and responses, and deposition transcripts. All Defendants have since complied with the stipulation and produced to Plaintiff all of the fact discovery that was taken in *Horowitz*.

Hon. P. Kevin Castel
September 14, 2020
Page 2

against the YieldCos and Messrs. Chatila and Wuebbels, who terminated his employment at the YieldCos.

Defendants terminated Mr. Domenech shortly after he raised significant concerns about financial reporting and disclosure improprieties.  This was only months after Mr. Domenech was asked to lead Global's initial public offering, based on his prior success with TERP's IPO. Specifically, in the fall of 2015, as SunEdison rapidly descended into a liquidity crisis that ultimately led to its bankruptcy, Defendants Chatila and Wuebbels – the CEO and Chief Financial Officer of SunEdison, respectively – falsely reported SunEdison's actual and projected cash holdings internally to SunEdison's Board and to the investing public.  (*Id.* ¶¶ 2, 56-59.) Additionally, Defendants Chatila and Wuebbels proposed a series of self-dealing transactions between SunEdison and the YieldCos structured to siphon hundreds of millions of dollars from the YieldCos into SunEdison's coffers to the severe detriment of the YieldCos' public shareholders.

From mid-September 2015 until his termination, Mr. Domenech repeatedly raised concerns to SunEdison's directors and senior management about Defendants Chatila's and Wuebbels' misconduct, including demanding that the SunEdison Board of Directors authorize an independent liquidity investigation.  (*Id.* ¶¶ 3, 53, 58, 60-64, 71-72, 78, 82-86.) Then, on Friday, November 20, 2015 – as part of a purge labeled in the financial press as the "Friday Night Massacre" – the Defendants retaliated against Mr. Domenech by terminating him, without notice or cause from all positions with the Companies, because of Mr. Domenech's protected whistleblowing activity. (*Id.* ¶¶ 5, 104.)  Defendants accomplished the Friday Night Massacre through a series of maneuvers designed to permit SunEdison to improperly pull cash immediately out of Global and TERP— transactions which Mr. Domenech had objected to.  Mr. Domenech was terminated from his positions with Global, TERP, and SunEdison as punishment for Mr. Domenech raising concerns about the accuracy of SunEdison's internal and external financial reporting. (*Id.* ¶¶ 104-113.)

Discovery in this case will show that (1) Mr. Domenech engaged in protected activity by reporting his concerns; (2) Defendants knew or suspected that he engaged in the protected activity; (3) Mr. Domenech suffered an adverse employment action by his termination; and (4) the circumstances were sufficient to suggest that the protected activity was a contributing factor in the adverse action.  *See Welch v. Chao*, 536 F.3d 269, 275 (4th Cir. 2008); 18 U.S.C. § 1514A.

B. <u>Defendants' Position</u>

 Mr. Domenech is a former SunEdison executive whose employment ended in November 2015 due to his refusal to work collaboratively with other members of the management team.  In August 2018, Mr. Domenech filed this lawsuit, claiming (incorrectly) that he was terminated in retaliation for raising concerns to SunEdison's Board about the company's liquidity and financial reporting in violation of Section 806 of the Sarbanes-Oxley Act of 2002, 18. U.S.C. § 1514A ("Section 1514A").[2]  Defendants moved to dismiss the Complaint on March 15, 2019.

---

[2] Mr. Domenech had previously filed a lawsuit in February 2017 with a virtually identical claim under the Dodd Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6 ("Dodd-Frank"), which he subsequently dismissed after the Supreme Court held in *Digital Realty Trust, Inc. v. Somers*, Case No. 16-1276, that the anti-

Hon. P. Kevin Castel
September 14, 2020
Page 3

On December 9, 2019, the Court issued an Opinion and Order (Dkt. No. 63) resolving Defendants' motions to dismiss. The Court granted the motion in full as to two of the defendants (Messrs. Blackmore and Hernandez), holding that Section 1514A does not provide for director liability. The Court also dismissed Mr. Domenech's claims for breach of the implied covenant of good faith and fair dealing against the YieldCos. The only surviving claim is brought under Section 1514A against the YieldCos, Mr. Chatila, and Mr. Wuebbels, in Mr. Wuebbels's capacity as an officer of SunEdison.

Mr. Domenech's single remaining claim has no merit. As an initial matter, Mr. Domenech's Section 1514A claim arises from his alleged internal reporting about SunEdison's liquidity disclosures. But SunEdison was focused on liquidity issues long before Mr. Domenech raised any concerns, and the company took seriously and investigated the concerns Mr. Domenech and others raised in the fall of 2015. At no point did Mr. Domenech present any tangible evidence supporting his complaints regarding SunEdison's liquidity or his concern that SunEdison's senior management was not being completely forthcoming with the Board.

In reality, discovery will establish that Mr. Domenech was fired due to his unsatisfactory performance of critical aspects of his position and his attempts to supplant SunEdison's executive management for his own personal benefit. Among other things observed by management and reported to the SunEdison Board, while SunEdison and the YieldCos were in the midst of addressing challenging financial liquidity issues, Mr. Domenech actively worked to undermine the senior leadership of the companies while at the same time ceasing his work selling SunEdison projects to third parties, and hindering the timely assessment of transactions between SunEdison and the YieldCos—two of his core responsibilities. The termination of Mr. Domenech's employment was an entirely legitimate decision based on an assessment of his performance, and one that was deemed necessary to manage the business and avoid unwarranted risk.

In sum, Mr. Domenech did not engage in protected activity within the meaning of Sarbanes Oxley's anti-retaliation provisions, and any supposed protected activity was not a contributing factor in the decision to terminate his employment. Furthermore, given Mr. Domenech's misconduct and unsatisfactory performance, his employment would have been terminated regardless of whether he engaged in the alleged protected activity.

Defendants also expect to establish additional defenses to Mr. Domenech's Section 1514A claim. For example, certain Defendants are not proper targets of Mr. Domenech's claim because they were not his employer. Mr. Domenech also cannot demonstrate causation as to the YieldCos because Mr. Domenech's alleged damages (loss of salary, benefits, and stock) stemmed exclusively from termination of his SunEdison employment, and not his removal as a YieldCo officer and director. Mr. Domenech also cannot establish liability as to Mr. Wuebbels because Mr. Wuebbels had no supervisory authority or control over Mr. Domenech's employment at SunEdison.

_____

retaliation provision of Dodd Frank does not extend to an individual who has not reported a violation of the securities laws to the Securities and Exchange Commission prior to the termination of his employment. *See* 583 U.S. __ (2018) (slip op. at 2, 12).

Hon. P. Kevin Castel
September 14, 2020
Page 4

The above statements are summary descriptions only, and are made without prejudice to Defendants' assertion of additional defenses as discovery proceeds

## II.    Contemplated Motions

A. Plaintiff's Position

Plaintiff does not contemplate any motions at this time.  Plaintiff reserves the right to make motions, including discovery motions, should any issues arise which require the Court's attention.

B. Defendants' Position

Defendants expect to file a motion for summary judgment on the remaining Section 1514A claim at the close of discovery.  Defendants also anticipate filing certain pre-trial motions, *e.g.*, motions in limine, but will reserve their positions on such motion practice until a later date.

## III.    Prospect for Settlement

A. Plaintiff's Position

The parties have previously attempted to settle this case through private mediation. Mediation was not successful, and Plaintiff does not believe that further alternative dispute resolution will be productive at this time.  Plaintiff proposes that the parties discuss further mediation at the conclusion of fact discovery.  Plaintiff understands that Defendants anticipate making a settlement offer in the near term and Plaintiff will consider it in good faith upon receipt.

B. Defendants' Position

Defendants intend to make a settlement proposal shortly to facilitate settlement discussions before the parties incur significant discovery expense.

Respectfully submitted,

*/s/ Michael J. Connolly*
Michael J. Connolly (MC6871)
James L. Tuxbury (*pro hac vice*)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Telephone: 617-345-9000
mconnolly@hinckleyallen.com
jtuxbury@hinckleyallen.com

Hon. P. Kevin Castel
September 14, 2020
Page 5

Christopher V. Fenlon (CF6305)
HINCKLEY, ALLEN & SNYDER LLP
30 South Pearl Street
Albany, New York 12207
Telephone: 518-396-3100
cfenlon@hinckleyallen.com

*Attorneys for Plaintiff Carlos Domenech Zornoza*


*/s/ Timothy J. Perla (on consent)*
Timothy J. Perla
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone: 617-526-6696
timothy.perla@wilmerhale.com

Michael G. Bongiorno
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 937-7518
Fax: (212) 230-8888
michael.bongiorno@wilmerhale.com

*Attorneys for TerraForm Global, Inc. and*
*TerraForm Power, Inc.*


*/s/ Joel M. Cohen (on consent)*
Joel M. Cohen
Gabrielle Levin
Darcy C. Harris
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212-351-3901
jcohen@gibsondunn.com
glevin@gibsondunn.com
dharris@gibsondunn.com

*Attorneys for Ahmad Chatila*

Hon. P. Kevin Castel
September 14, 2020
Page 6


<u>/s/ *E. Martin Estrada (on consent)*</u>
E. Martin Estrada
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: 213-683-9100
martin.estrada@mto.com

*Attorney for Brian Wuebbels*