UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARLOS DOMENECH ZORNOZA,

                                        Plaintiff,

                                                                        18-cv-11617 (PKC)

                        -against-

                                                                              ORDER

TERRAFORM GLOBAL, INC., et al.,

                                        Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

            Plaintiff Carlos Domenech Zornoza seeks an order compelling defendants to

produce documents relating to a bid submitted to purchase defendant TerraForm Global Inc.

("Global").  The bid at issue (the "Bid") was submitted by the Lone Star Funds in partnership

with ieX Renewables, LLC, an entity formed by Zornoza and Pancho Perez.  Defendants Global,

and Terraform Power, Inc. ("TERP") have opposed the discovery request.  Zornoza's motion

will be denied.

            Zornoza is the former President and CEO of each of Global and TERP, and a

former member of both the Global and TERP Boards.  He alleges that he was terminated on

November 20, 2015 because he disclosed what he believed were material misrepresentations

about the liquidity of non-party SunEdison, Inc. ("SunEdison").  His surviving claim is for

whistleblower retaliation asserted against Global, TERP and two individuals under the Sarbanes-

Oxley Act of 2002, 18 U.S.C. § 1514A.

            Following Zornoza's termination, SunEdison declared bankruptcy.  Global,

according to its Form 8-K (Mar. 7, 2017) had undertaken a review of its ability to proceed as a

stand-alone business independent of SunEdison.  In September 2016, Global announced that it would explore opportunities to sell the company.  A competitive bidding process ensued in which ten indications of interest were submitted and ultimately five offers were made.  The board of Global agreed in March 2017 to be acquired by Brookfield Asset Management and rejected the Bid in which Zornoza was a participant.

Zornoza argues relevance because his effort to acquire Global could be seen as mitigation of damages and defendants have asserted mitigation of damages as an affirmative defense.  He asserts that Global's rejection of the Bid may have been interference with his efforts to mitigate damages.  Global and TERP have disclaimed any intent to argue that it was mitigation of damages.  The individual defendants have not weighed in on the issue.

The Court comfortably concludes that the subsequent sale of Global is too remote in the chain of causation to be relevant to mitigation of damages nor evidence of ongoing retaliatory animus.[1]  The discovery is not proportional to the needs of the case, considering its lack of importance to the issue of whether the November 20, 2015 termination was in retaliation for whistleblowing activity or any ensuing damages from the termination.  Rule 26(b)(1), Fed. R. Civ. P.

Discovery in this action has been ongoing since September 21, 2020.  (Doc 82.) It is scheduled to end on September 21, 2021 (Doc 88) and the Court does not anticipate a further extension.

Plaintiff's letter motion (Doc 100) is DENIED.

---

[1] The circumstance that defendant Chatila blames Zornoza for opposing a Sun Edison Inc.-TERP transaction and stated that Zormoza's opposition is the reason that Global sold for "nothing" does not make the Bid relevant to his whistleblower suit.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        September 8, 2021