MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE 50TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

January 6, 2022

Writer's Direct Contact
(213) 683-9253
(213) 593-2853 FAX
Martin.Estrada@MTO.COM

Hon. P. Kevin Castel
United States District Judge
United States District Court for the Southern
  District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Zornoza v. Terraform Global, Inc.*, Case No. 18-CV-11617 (PKC)
              [rel. 16-MD-2742 (PKC)]

Dear Judge Castel:

      On behalf of Defendant Brian Wuebbels, and pursuant to Section 3(A) of the
Court's Individual Practices, I request the Court's leave for Mr. Wuebbels to file and brief a
motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, according
to the following schedule (unless the Court prefers a different schedule):

- Mr. Wuebbels' motion due no later than March 4, 2022

- Plaintiff's opposition due no later than April 5, 2022

- Mr. Wuebbels' reply due no later than April 26, 2022

Because the grounds for Mr. Wuebbels' motion are unique to him, this motion would be separate
from the joint motion that Defendants propose in their separate letter filed concurrently herewith.
The next case-management conference is scheduled for January 31, 2022. *See* Minute Order
dated October 6, 2021.

      Mr. Wuebbels plans to move for summary judgment on the threshold issue of
whether he is a proper defendant in this case. Fact discovery has confirmed that, as a matter of
law, he is not. This issue can and should be decided separately from the merits issues that will
be presented in Defendants' joint motion, and Mr. Wuebbels cannot sufficiently present his
unique arguments alongside those merits issues in the 25 pages allotted for that motion. For
these reasons, Mr. Wuebbels respectfully requests that this Court permit him leave to file and
brief a separate Rule 56 motion.

      Plaintiff Carlos Domenech claims that Mr. Wuebbels (as well as the other
defendants remaining in this case) retaliated against him by terminating his employment with
SunEdison, Inc. ("SunE"), and removing him from his position as President and Chief Executive
Officer ("CEO") of Defendants TerraForm Power, Inc. ("TERP") and TerraForm Global Inc.
("GLBL") (collectively, the "YieldCos"), in violation of the Sarbanes-Oxley Act of 2002, 18

Hon. P. Kevin Castel
January 6, 2022
Page 2

U.S.C. § 1514A.  But fact discovery in this matter has revealed that there is no basis for liability against Mr. Wuebbels.

Mr. Wuebbels held two roles at the time of Mr. Domenech's termination:  First, he was a director of the YieldCos; second, he was an Executive Vice President and Chief Financial Officer ("CFO") at SunE.  With regard to Mr. Wuebbels' position as director of the YieldCos, this Court has already held that there can be no liability under Section 1514A for company directors.  Thus, the fact that Mr. Wuebbels voted to remove Plaintiff from his positions as President and CEO of the YieldCos is not actionable as a matter of law.  As for Mr. Wuebbels' role as EVP of SunE, the undisputed evidence shows that Mr. Wuebbels was Plaintiff's peer at SunEdison and lacked the authority to terminate Plaintiff's employment.  What is more, the evidence shows that Mr. Wuebbels, in fact, was not at all involved in the decision to terminate Plaintiff's employment at SunE.  Accordingly, there is no basis for liability as to Mr. Wuebbels, and he is entitled to judgment in his favor.

I.      **Factual and Legal Background**

Plaintiff Carlos Domenech is a former Executive Vice President of SunEdison, Inc., and the former President and CEO of the YieldCos.  On November 20, 2015, he was terminated as an employee of SunEdison and removed from his positions with the YieldCos.  In August 2018, Mr. Domenech filed this lawsuit against (1) Mr. Wuebbels, who, at the time of Mr. Domenech's termination, was a fellow SunEdison Executive Vice President, its Chief Financial Officer, and a member of the TERP and GLBL boards of directors; (2) TERP and GLBL; (3) Ahmad Chatila, SunEdison's former Chief Executive Officer and also a former member of the TERP and GLBL boards of directors; and (4) Emmanuel Hernandez and Peter Blackmore, both former directors of SunEdison.  *See* Dkt. 1 (Complaint).  Plaintiff's suit alleges that he was terminated from SunEdison and removed from his concurrent positions as President and CEO of the YieldCos in retaliation for raising concerns about SunEdison's liquidity and financial reporting.  Plaintiff asserted a claim against all Defendants for purported whistleblower retaliation in violation of Section 1514A.  *See id.* ¶¶ 128–37.

Defendants moved to dismiss the complaint in March 2019.  On December 9, 2019, this Court issued an order resolving Defendants' motions to dismiss.  *See generally* Dkt. 63 ("MTD Order").  Observing that Section 1514A does not include directors amongst the "specific categories of persons who may be liable for retaliation" and that "Congress could reasonably have concluded that liability for the retaliatory actions of a board should lie with the company itself, as opposed to allocating liability among the individual directors," the Court held that "the plain text of section 1514A does not provide for director liability." *Id.* at 20–25.  The Court therefore dismissed altogether Plaintiff's Section 1514A claim against Defendants Blackmore and Hernandez, who were serving solely as directors when Plaintiff separated from SunEdison. *Id.* at 25–27.

Hon. P. Kevin Castel
January 6, 2022
Page 3

As for Mr. Wuebbels, who was serving as a director of the YieldCos concurrent with his service as an officer of SunEdison, Plaintiff's only surviving cause of action following the Court's December 9, 2019 order is his claim under Section 1514A against Mr. Wuebbels "in his capacity as a SunEdison officer." MTD Order at 28. With respect to *that* claim, the Court declined to rule on Mr. Wuebbels' purported liability without the benefit of fact discovery, concluding that whether Mr. Wuebbels retaliated against Plaintiff and "[w]hether Wuebbels was actually a 'peer' of [Plaintiff], with no actual authority to retaliate against him, goes beyond the face of the Complaint and is not properly resolved on a Rule 12(b)(6) motion." *Id.*

That fact discovery has now occurred. And it reveals that Mr. Wuebbels was, in fact, a peer of Mr. Domenech with no authority to terminate him or affect the terms of his employment, and, moreover, that Mr. Wuebbels had no involvement in the decision to terminate Mr. Domenech as an employee of SunEdison. These facts, coupled with the Court's ruling that director liability does not lie under Section 1514A, show that there is no factual or legal basis for keeping Mr. Wuebbels in this lawsuit.

II.     **As a Matter of Fact and Law, Mr. Wuebbels Cannot Be Liable in His Capacity as a Former Director of TERP and GLBL**

The admissible testimony of all percipient witnesses deposed in this case invariably demonstrates that, other than the votes he cast as a member of the YieldCos' boards of directors, Mr. Wuebbels did not advocate for, recommend, instigate, or otherwise participate in Plaintiff's removal from his positions as President and CEO of those companies.[1] And Plaintiff's own testimony confirms that he has no admissible evidence to the contrary: asked at his deposition to identify any facts, other than Mr. Wuebbels' votes as a member of the YieldCos' boards, indicating that Mr. Wuebbels took any retaliatory action against him, Plaintiff could not identify any and insisted that, "as I said before, the fact that he voted [as a member of the YieldCos' boards] to fire me is sufficient fact to me." Pl. Dep. Tr. at 366–71.

But this Court has already held in this case that "[S]ection 1514A does not provide for director liability." MTD Order at 20–25. This alone forecloses any liability against Mr. Wuebbels for his votes as a director of TERP and GLBL to remove Plaintiff from his positions as President and CEO of those entities. Indeed, those votes quintessentially are the type of conduct for which, in Congress's judgment, any liability should be "attribute[d] . . . to the company as a whole, as opposed to its directors individually," *id.* at 24.

---

[1] For example, Peter Blackmore, a SunEdison director who became chairman of the YieldCos' boards of directors the day Plaintiff was removed, testified that, other than voting as a member of the YieldCos' boards, Mr. Wuebbels did not participate in or advocate for Plaintiff's removal as President and CEO of those entities. *See* Blackmore Dep. Tr. at 305–06.

Hon. P. Kevin Castel
January 6, 2022
Page 4

### III.   As a Matter of Fact and Law, Mr. Wuebbels Cannot Be Liable in His Capacity as a Former SunEdison Officer

For all of the Complaint's unsupported insinuations that Mr. Wuebbels "had a material role" in the termination of Plaintiff's employment with SunEdison, Complaint ¶ 136, the record points definitively in the other direction:  Mr. Wuebbels had neither "the ability [n]or authority to take retaliatory action against Domenech, including to 'discharge, demote, suspend, threaten, harass, or in any other manner discriminate against' him," MTD Order at 28 (quoting 18 U.S.C. § 1514A(a)).  Nor did he in fact do so.

*First*, the undisputed evidence shows that Mr. Wuebbels lacked any authority as an Executive Vice President of SunEdison or as its CFO to terminate or otherwise take adverse employment action against Plaintiff.  When Plaintiff was terminated from SunEdison in November 2015, it is undisputed that both he and Mr. Wuebbels held the title of Executive Vice President of SunEdison.  All witnesses with relevant knowledge—including SunEdison's former CEO, former head of human relations, and former general counsel—confirmed that Plaintiff and Mr. Wuebbels were peer, coequal SunEdison officers and that Mr. Wuebbels lacked the authority or ability to terminate Mr. Domenech or otherwise affect the terms of his employment.[2]  No competent evidence in the record is to the contrary.

*Second*, even apart from Mr. Wuebbels' lack of authority to terminate Plaintiff's employment, the evidence shows that, in fact, Mr. Wuebbels did not "discharge, demote, [or] suspend" him from his SunEdison employment or "threaten, harass, or in any other manner discriminate against" him.  18 U.S.C. § 1514A(a).  The undisputed testimony of every relevant percipient witness in this case is that SunEdison's board of directors—of which Mr. Wuebbels was not a member—made the decision to terminate Plaintiff and that Mr. Wuebbels did not participate in that decision.[3]  No witness and no document (amongst the many thousands produced in this case) says otherwise.

Indeed, the Complaint's theory that, in his capacity as a SunEdison officer, Mr. Wuebbels participated in or influenced the decision to terminate Plaintiff's SunEdison employment rests on nothing more than speculation.  When asked to identify any facts indicating that Mr. Wuebbels participated in the decision to terminate Plaintiff, Plaintiff all but confirmed that he had none—other than Mr. Wuebbels' vote as a director of the YieldCos to remove

---

[2] *See, e.g.*, Stephen Cerrone Dep. Tr. (SunEdison's chief human resources officer) at 297–301; Martin Truong Dep. Tr. (SunEdison's general counsel and corporate secretary) at 125–28.
[3] *See, e.g.*, Emmanuel Hernandez Dep. Tr. (chairman of SunEdison's board) at 383–86 (testifying that Mr. Wuebbels was not a member of SunEdison's board and did not participate in the board's decision to terminate Plaintiff's SunEdison employment); Ahmad Chatila Dep. Tr. (SunEdison's CEO) at 325 ("Q. Do you have any recollection of Mr. Wuebbels's [*sic*] instructing anyone to terminate Mr. Domenech from his employment at SunEdison?  A. No.").

Hon. P. Kevin Castel
January 6, 2022
Page 5


Plaintiff from his positions as President and CEO of the YieldCos.  *See, e.g.*, Pl. Dep. Tr. at 366–71 ("[Mr. Wuebbels] voted to fire me as the CEO and president of TERP and Global and who became the CEO of TERP and Global.  So I can only infer that by silencing me, Mr. Wuebbels acted in retaliation. . . . [A]s I said before, the fact that he vote[d] [as a member of the YieldCos' boards] to fire me is sufficient fact to me.").  But as this Court has already held, that vote is not actionable under Section 1514A as a matter of law, and it certainly could not sustain a finding by any trier of fact that Mr. Wuebbels actually took or influenced any actions against Plaintiff in Mr. Wuebbels' capacity as a SunEdison officer.

## IV.    <u>Separate Summary Judgment Briefing Proposal</u>

As the foregoing sections have explained, there are threshold legal issues that show Mr. Wuebbels cannot be liable under Section 1514A, either in his capacity as a SunEdison officer or as a director of the YieldCos.  Because these arguments are distinct from the many other significant grounds that will be addressed in Defendants' joint motion and require consideration of different parts of the record, Mr. Wuebbels' unique arguments should be briefed separately from Defendants' other proposed motion for summary judgment.

If the Court is disinclined to grant Mr. Wuebbels leave to file a separate motion, Mr. Wuebbels alternatively requests that the Court grant Defendants leave to file a joint opening brief of no more than 40 pages and a joint reply of no more than 17 pages to adequately accommodate Mr. Wuebbels' unique arguments.

* * * * *

Mr. Wuebbels' anticipated motion presents multiple bona fide grounds for summary judgment that are unique to him, likely to succeed, and unable to be fairly presented within Defendants' separate joint motion.  Mr. Wuebbels therefore respectfully requests that the Court grant him leave to file a separate motion for summary judgment on the schedule and terms laid out above (or an alternative schedule that the Court prefers).

Very truly yours,

/s/  E. Martin Estrada

E. Martin Estrada

cc:     All Parties to 18-CV-11617